IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CVS HEALTH CORPORATION AND SUBSIDIARIES, | ) ) ) | Case No. 1:23-cv-00492-MSM |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

**CLAWBACK ORDER**

Pursuant to Rule 502 of the Federal Rules of Evidence, this Order addresses the production of documents and electronically stored information in discovery in the above-captioned case, including any production of documents and electronically stored information by third parties.

1.      This Order covers inadvertent disclosures, as defined in Rule 502(b) of the Federal Rules of Evidence and herein, of communications and information covered by the attorney-client privilege or work-product protection in this case.  In addition, the Court invokes Rule 16(b) of the Federal Rules of Civil Procedure, as well as the Court's inherent authority, to extend and apply the provisions of this Order to cover disclosures of information protected from disclosure by the executive privilege, the deliberative-process privilege, and the tax-practitioner privilege set forth under Section 7525 of Title 26 of the United States Code.  This Order applies to disclosures if:

   a.   the disclosure is not intentional;

b.  the holder of the privilege or protection took reasonable steps to prevent the disclosure, including, at a minimum, conducting a good-faith review of documents and electronically stored information prior to production; and,

c.  the holder promptly took reasonable steps to rectify the error, including (if applicable) following Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

2.  The inadvertent disclosure of privileged or protected communications and information shall not constitute a waiver of the attorney-client privilege, work-product protection, executive privilege, the deliberative-process privilege, and the tax-practitioner privilege set forth under Section 7525 of Title 26 of the United States Code with respect to such material, in this or any other federal or state proceeding, pursuant to Rule 502(d) of the Federal Rules of Evidence, and, in addition, Rule 16(b) of the Federal Rules of Civil Procedure, as well as the Court's inherent authority.

3.  Intentional disclosures shall be governed by Rule 502(a) of the Federal Rules of Evidence.

4.  For purposes of paragraph 1(b) of this Order, the use of agreed search terms or an agreed method for technology-assisted review for privileged or protected material shall constitute reasonable steps to prevent disclosure.

5.  If a party determines that it has produced a communication or information that it wishes to claim is privileged or protected, the producing party shall, no later than fourteen days after making such a determination, and subject to the time limits provided for in paragraph 6 of this Order, give all counsel of record written notice of the claim of privilege or protection and the basis for the claimed privilege or protection.  The written notice shall identify the communication or information and the date that it was produced.  The written notice shall also

explain why the privilege or protection applies to the communication or information.  If the producing party claims that only a portion of material is privileged or protected, the producing party shall provide, along with the notice, a redacted copy of the material.  For purposes of paragraph 1(b) of this Order, a party that complies with this paragraph shall be treated as having taken reasonable steps to rectify the disclosure of the privileged or protected communication or information.

6.      No claim of privilege or protection may be made for a given communication or information after the soonest of (a) the disclosure or use of the communication or information during a deposition where no contemporaneous objection asserting the privilege or protection is made, (b) seven days after the disclosure or use of the communication or information in a document served or filed in the case, or (c) sixty days prior to the close of fact discovery.  No claim of privilege or protection may be made after the earliest of these three dates.

7.      Upon receiving a timely written notice of a claim of privilege or protection as provided in paragraphs 5 and 6 of this Order, the receiving party must promptly return, sequester, or destroy the specified communication or information and any copies thereof (excepting any copies that may exist on disaster recovery systems); must not use or disclose the communication or information until the claim is resolved; must take reasonable steps to retrieve the communication or information if the party disclosed it before being notified; and may promptly present the communication or information to the Court, under seal, for a determination of the claim.  The producing party must preserve the communication or information until the claim is resolved.

8.      The party asserting a claim of privilege or protection retains the burden of establishing the applicability of the claimed privilege or protection.

9.     The parties may stipulate in writing to extend the time periods specified in this

Order.


IT IS SO ORDERED.


___7/10/2024___
Date

U.S. DISTRICT COURT JUDGE


STIPULATED AND AGREED TO BY:


**Whelan Corrente & Flanders LLP**

By: /s/ Robert C. Corrente
Robert C. Corrente
100 Westminster Street
Suite 710
Providence, RI 02903
rcorrente@whelancorrente.com
(401) 270-1333

***Attorneys for Plaintiffs***


*Of counsel:*

**Eversheds Sutherland (US) LLP**
Dwight N. Mersereau
David B. Blair
David J. Fischer
Caroline C. Setliffe
700 Sixth Street, NW, Suite 700
Washington, DC 20001
DwightMersereau@eversheds-sutherland.com
DavidBlair@eversheds-sutherland.com
DavidFischer@eversheds-sutherland.com
CarolineSetliffe@eversheds-sutherland.com
(202) 383-0144

4

Sarah E. Paul
1114 Avenue of the Americas, 40th Floor
New York, NY 10036-7703
SarahPaul@eversheds-sutherland.com
(212) 301-6587

**Crowell & Moring LLP**

Carina C. Federico
S. Starling Marshall
1001 Pennsylvania Ave., NW
Washington, DC 20004
CFederico@Crowell.com
SMarshall@Crowell.com

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Dept. of Justice

/s/ James E. Weaver
JAMES E. WEAVER
Senior Litigation Counsel, Tax Division
STEPHEN N. SHASHY
CLAIRE A. SHIMBERG
ISABELLE DIETZ
Trial Attorneys, Tax Division
U.S. Dept. of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 305-4929
Fax:  (202) 307-0054
Email:  james.e.weaver@usdoj.gov

Counsel for Defendant